UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| KEVIN F. WELLS, | ) | |
|---|---|---|
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No.: 1:22-CV-187-TAV-SKL |
| | ) | |
| WARDEN MARTIN FRINK, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM OPINION

This is a prisoner's pro se petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. On July 20, 2022, the Court entered an order serving Respondent with the petition, requiring Respondent to file a response to the petition within sixty days, ordering Petitioner to immediately inform the Court and Respondent of any address change in writing, and notifying Petitioner that "[f]ailure to provide a correct address to this Court within fourteen days of any change in address may result in the dismissal of this action" [Doc. 5 p. 1–2]. Then, on September 9, 2022, the Court entered an order granting Respondent's motion for an extension of time to file a response to the petition [Doc. 8]. However, on September 29, 2022, the United States Postal Service ("USPS") returned the Court's mail to Petitioner containing its most recent order as undeliverable with a notation indicating that Petitioner has been released from his confinement at the only address that he provided to the Court [Doc. 9 p. 2]. More than two weeks have passed since the USPS returned this mail, and Petitioner has not notified the Court of his new address or otherwise

communicated with the Court. Accordingly, for the reasons set forth below, this action will be **DISMISSED** pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

Rule 41(b) gives this Court the authority to sua sponte dismiss a case when a "plaintiff fails to prosecute or to comply with these rules or a court order." Fed. R. Civ. P. 41(b); *see also Rogers v. City of Warren*, 302 Fed. Appx. 371, 375 n.4 (6th Cir. 2008) ("Although Rule 41(b) does not expressly provide for a sua sponte dismissal (the rule actually provides for dismissal on defendant's motion), it is well-settled that the district court can enter a sue sponte order of dismissal under Rule 41(b)" (citing *Link v. Wabash R.R.*, 370 U.S. 626, 630 (1962)). The Court examines four factors when considering dismissal under this Rule:

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005).

As to the first factor, the Court finds that Petitioner's failure to timely update the Court as to his most recent address is due to his willfulness or fault because, as set forth above, the Court previously notified him of the requirement that he do so [Doc. 5 p. 2]. As to the second factor, the Court finds that Petitioner's failure to timely update the Court regarding his change in address has not prejudiced Respondent at this time but notes that neither the Court nor Respondent can communicate with Petitioner about this case without his correct address. As to the third factor, the Court previously notified Petitioner that

2

failure to timely update the Court and Respondent regarding a change in address may result in the dismissal of this action [*Id.*]. Finally, as to the fourth factor, the Court finds that alternative sanctions are not warranted, as the Court granted Petitioner leave to proceed *in forma pauperis* in this action, and he has failed to comply with the Court's clear instructions. On balance, the Court finds that these factors support dismissal of this action under Rule 41(b).

The Court also notes that, "while *pro se* litigants may be entitled to some latitude when dealing with sophisticated legal issues, acknowledging their lack of formal training, there is no cause for extending this margin to straightforward procedural requirements that a layperson can comprehend as easily as a lawyer." *Jourdan v. Jabe,* 951 F.2d 108, 109 (6th Cir. 1991). Nothing about Petitioner's pro se status prevented him from timely updating the Court as to his current address, and his pro se status does not mitigate the balancing of factors under Rule 41(b).

Accordingly, this action will be **DISMISSED** for want of prosecution and failure to comply with a Court order pursuant to Rule 41(b).

The Court must now decide whether to grant Petitioner a certificate of appealability ("COA"). A COA should issue where a petitioner makes a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a district court denies a habeas petition on a procedural basis without reaching the underlying claims, a COA should only issue if "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable

whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

The Court is dismissing this petition because Petitioner failed to prosecute this action and to comply with a Court order, which are procedural grounds. Reasonable jurists could not find that this dismissal is debatable or wrong. Accordingly, a certificate of appealability shall not issue. Also, the Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. Fed. R. App. P. 24.

**AN APPROPRIATE JUDGMENT ORDER WILL ENTER.**

**ENTER:**

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE